UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT JEHLE | CIVIL ACTION |
| VERSUS | NO. 22-3836 |
| PSC GROUP LLC | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is defendant PSC Group LLC's ("PSC") motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).[1] Plaintiff opposes defendant's motion.[2] For the following reasons, the Court hereby GRANTS defendant's motion.

## I.   BACKGROUND

This case arises from plaintiff's alleged fall from a gangway. Plaintiff, a petroleum surveyor,[3] alleges that on October 18, 2021, he went to the Marathon Petroleum Facility in Garyville, Louisiana, to survey a barge that was moored at the Marathon Dock on the Mississippi River.[4] He contends

---

[1]   R. Doc. 10.
[2]   R. Doc. 15.
[3]   R. Doc. 1 ¶ 5.
[4]   *Id.* ¶ 6.

that before he arrived, employees of PSC, the dock operator, placed a moveable gangway to provide access to the barge from the dock, but failed to properly secure it.[5] He alleges that when he was walking across the gangway between the dock and the barge, he fell and landed on the barge below. Plaintiff allegedly sustained injuries to his head, spine, arms, and hands as a result of his fall.[6]

Plaintiff filed a complaint in this Court in which he asserts a claim against defendant for negligence.[7] In his complaint, plaintiff contends that defendant negligently failed to secure the gangway and to warn plaintiff that the gangway was unsecured, among other things.[8] Plaintiff alleges that this Court has jurisdiction under 28 U.S.C. § 1333, 28 U.S.C. § 1332, 33 U.S.C. § 905(b) (the "Longshore and Harbor Workers' Compensation Act" or "LHWCA"), 46 U.S.C. § 30101 (the "Admiralty Extension Act"), and "the provisions of the general maritime law."[9]

---

[5]   *Id.*
[6]   *Id.* ¶ 7.
[7]   *Id.* ¶ 8.
[8]   *Id.*
[9]   *Id.* ¶ 3. In the civil cover sheet that accompanies plaintiff's complaint, plaintiff indicates that the basis of jurisdiction for this case is federal question jurisdiction. R. Doc. 1-1.

Defendant moved for judgment on the pleadings on the grounds that this Court lacks admiralty jurisdiction over this matter.[10] Plaintiff opposes defendant's motion. Plaintiff concedes that there is no admiralty jurisdiction,[11] but maintains that he has stated a claim for relief under Louisiana tort law,[12] and that this Court has diversity jurisdiction over the claim.[13]

The Court considers the motion below.

## II.  LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as to not delay the trial, any party may move for judgment on the pleadings." "Rule 12(h)(3) states that whenever it appears that the federal court lacks jurisdiction over the subject matter the action may be dismissed, which, of course, means that the defense may be raised on a motion under Rule 12(c)." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2020). "[I]f a party raises an issue as to the court's subject matter jurisdiction on a

---

10   R. Doc. 10-1 at 3-6.
11   R. Doc. 15 at 4, 12-13.
12   *Id.* at 7-9.
13   *Id.* at 13-14.

3

motion for judgment on the pleadings, the district judge will treat the motion as if it had been brought under Rule 12(b)(1)." *Id.* Rule 12(b)(1) permits dismissal for lack of subject matter jurisdiction. The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court's dismissal for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not ordinarily prevent the plaintiff from pursuing the claim in another forum. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

Generally, in deciding a motion under Rule 12(c), a court "must look only to the pleadings and accept all allegations in them as true." *St. Paul Fire & Marine Ins. Co. v. Convalescent Servs., Inc.*, 193 F.3d 340, 342 (5th Cir. 1999). Nevertheless, if a party challenges subject matter jurisdiction on a Rule 12(c) motion, the court may look beyond the pleadings and consider extrinsic evidence. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2020).

### III.  DISCUSSION

Generally, maritime tort claims may be filed in federal court under either diversity jurisdiction or admiralty jurisdiction. *Victory Carriers, Inc.*

*v. Law*, 404 U.S. 202, 204 (1971). Regardless of the jurisdiction invoked in a plaintiff's complaint, substantive federal maritime law will govern if the claim is within constitutional and statutory grants of admiralty jurisdiction. *Id.* In this case, plaintiff purports to invoke both types of jurisdiction.[14]

### A. Admiralty Jurisdiction

The test for determining whether admiralty jurisdiction is present is the same as the test for determining whether general maritime law applies to the claim. *Hamm v. Island Operating Co., Inc.*, 450 F. App'x 365, 368 (5th Cir. 2011); *see also Richendollar v. Diamond M Drilling Co., Inc.*, 819 F.2d 124, 127 (5th Cir. 1987) ("Admiralty jurisdiction of a tort claim depends on whether the plaintiff can establish a maritime tort."). In *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, the Supreme Court set forth the test for determining whether courts have admiralty jurisdiction over tort claims: "[A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1331(1) over a tort claim must satisfy conditions of both location and of connection with maritime activity." 513 U.S. 527, 533 (1995). This is sometimes referred to as the "situs" and "status" test. *Houston Oil & Minerals Corp. v. American Intern. Tool Co.*, 827 F.2d 1049, 1053 n.3 (5th

---

14     R. Doc. 1 ¶ 3.

Cir. 1987) (observing that the "test for admiralty jurisdiction involves an analysis where an injury occurs ('situs') and the relationship the injury has to maritime activity ('status').").

In this case, there is no admiralty jurisdiction. As defendant acknowledges, the "situs" element of the test is met here, as plaintiff allegedly suffered his injury on a vessel on navigable waters. Nevertheless, the "status" element is absent. The Fifth Circuit has repeatedly concluded that maritime law imposes no duty on a dock owner to provide a means of access to a vessel for the vessel's crew members. *Forrester v. Ocean Marine Indem. Co.*, 11 F.3d 1213, 1218 (5th Cir. 1993). Rather, vessel owners have a duty to provide reasonably safe means of access, which arises from the "absolute nondelegable duty to provide a seaworthy vessel." *Florida Fuels, Inc. v. Citgo Petrol. Corp.*, 6 F.3d 330, 332 (5th Cir. 1993) ("It is well-settled, however, that the doctrine of 'seaworthiness' is not applicable to a dock owner who does not occupy the position of owner or operator of the vessel." (internal quotation marks omitted)). "Absent a maritime status between the parties, a dock owner's duty to crew members of a vessel using the dock is defined by the application of state law, not maritime law." *Id.* No maritime status arises between a dock owner and an injured plaintiff merely by virtue of the dock owner's provision of a gangway. *See Landers v. Bollinger Amelia*

*Repair, Ltd. Liab. Corp.*, 403 F. App'x 954, 955-56 (5th Cir. 2010) (finding no "cogent basis . . . to expand maritime jurisdiction" in a case in which an injured crewmember sued a dock owner for negligence relating to his use of a gangway). Because plaintiff cannot "establish a maritime tort," there is no admiralty jurisdiction over his claim. *Richendollar*, 819 F.2d at 127.

Plaintiff cites to the Admiralty Extension Act in his complaint, but that statute extends "[t]he admiralty and maritime jurisdiction" to claims "of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land." 46 U.S.C. § 30101. "In order to invoke maritime jurisdiction under the Extension Act, a plaintiff injured on shore must allege that the injury was caused by a defective appurtenance of a ship on navigable waters." *Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487, 493 (5th Cir. 2002) (internal quotation marks omitted). "The Act was not intended to grant claimants new substantive rights of recovery nor relieve them from jurisdictional constraints unrelated to locality." *Sohyde Drilling & Marine Co. v. Coastal States Gas Producing Co.*, 644 F.2d 1132, 1136 (5th Cir. 1981). Because plaintiff was not injured on the shore, and his jurisdictional "constraints [are] unrelated to locality," *id.*, he cannot avail himself of the Admiralty

7

Extension Act. Accordingly, plaintiff's negligence claim is governed by Louisiana law.

In his complaint, plaintiff also cites to the LHWCA, which "accords a tort remedy to persons sustaining injuries 'caused by the negligence of a vessel.'" *May v. Transworld Drilling Co.*, 786 F.2d 1261, 1262 (5th Cir. 1986) (quoting 33 U.S.C. § 905(b)). But "[j]urisdiction [cannot] rest on § 905(b), which only authorizes a cause of action when jurisdiction already exists." *Margin v. Sea-Land Servs., Inc.*, 812 F.2d 973, 975 (5th Cir. 1987); *Christoff v. Bergeron Indus., Inc.*, 748 F.2d 297, 298 (5th Cir. 1984) ("[Section] 905(b) neither extended the boundaries of traditional admiralty jurisdiction nor converted ordinary tort claims against vessels into federal questions independent of admiralty."). The inclusion of this statute in plaintiff's complaint thus does not cure the jurisdictional defect.

### B. Diversity Jurisdiction

In his opposition to defendant's motion for judgment on the pleadings, plaintiff concedes that there is no admiralty jurisdiction in this matter.[15] He nevertheless argues that he has stated a claim for negligence under Louisiana

---

[15] R. Doc. 15 at 4-5.

law, and that the Court has diversity jurisdiction over the claim.[16]  In his complaint, plaintiff lists 28 U.S.C. § 1332,[17] the diversity jurisdiction statute, as a basis for jurisdiction.  But plaintiff has failed to allege jurisdictional facts to support his invocation of diversity jurisdiction.  *See Ramming*, 281 F.3d at 161.  Plaintiff alleges that he is a citizen of Louisiana, and that defendant is a "Delaware limited liability company with its principal place of business in the [s]tate of Texas."[18]  But the citizenship of an LLC is determined based on the citizenship of each of the LLC's members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080-81 (5th Cir. 2008).  Plaintiff does not identify the members of defendant, much less the citizenship of each member.[19]  Nor does plaintiff allege the amount in controversy.  Plaintiff has thus not met his burden of demonstrating that this Court has diversity jurisdiction over his claim.

### C. Leave to Amend

---

[16]   *Id.* at 4-9, 13-14.
[17]   R. Doc. 1 ¶ 3.
[18]   *Id.* ¶¶ 1-2.
[19]   In his opposition brief, plaintiff contends that his allegations regarding defendant's citizenship suffice.  Plaintiff appears to conflate the test for determining citizenship of a corporation with the test for determining the citizenship of an LLC.  *See Harvey*, 542 F.3d at 1080.

Under 28 U.S.C. § 1653, courts have "authority and discretion to allow parties to cure defective allegations of jurisdiction." *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010). Section 1653 "should be liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of the parties." *Id.* at 66; *see also Whitmire v. Victus Ltd.*, 212 F.3d 885, 890 (5th Cir. 2000) (finding that district court abused its discretion by denying plaintiff's motion to amend her complaint to add jurisdictional facts showing that diversity existed after her federal claims were dismissed). Here, defendant asks in the alternative that plaintiff be granted leave to amend to add jurisdictional allegations. There is no suggestion in the record that diversity jurisdiction does not in fact exist. The Court thus finds it appropriate to grant plaintiff leave to amend his complaint to allege the amount in controversy and the citizenship of each member of PSC Group LLC.

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendant's motion. If plaintiff wishes to amend his complaint to add jurisdictional allegations, he must do so within FOURTEEN (14) days of this Order and Reasons.

New Orleans, Louisiana, this __11th__ day of May, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE